IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXY DEJESUS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-1403 |
| | : | |
| v. | : | |
| | : | |
| VICKY; ARBOR VILLAGE & OLD | : | |
| FORGE APARTMENTS, | : | |
| | : | |
| Defendants. | : | |

**<ins>MEMORANDUM OPINION</ins>**

Smith, J.                                                                                     April 20, 2021

The *pro se* plaintiff claims that the defendants discriminated against him when they refused to allow him to use his Section 8 housing voucher to rent a one-bedroom apartment from them. He asserts claims under the Fair Housing Act and under 42 U.S.C. § 1983 for a violation of his constitutional rights. He has also applied for leave to proceed *in forma pauperis*.

The court has reviewed the *in forma pauperis* application and screened the operative complaint pursuant to 28 U.S.C. § 1915. Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will dismiss with prejudice the operative complaint because (1) he has failed to state a claim for relief under section 1983 insofar as he has not plausibly alleged that the defendants, a landlord and an employee working in the landlord's rental office, were acting under color of state law, and (2) he cannot state a plausible claim for a violation of the Fair Housing Act simply by alleging that the defendants discriminated against him because they refused to accept his Section 8 voucher.

## I.   ALLEGATIONS AND PROCEDURAL HISTORY

On March 19, 2021, the *pro se* plaintiff, Alexy Dejesus ("Dejesus"), commenced this action by filing an application for leave to proceed *in forma pauperis* and a complaint. Doc. Nos. 1, 2. Unfortunately, Dejesus's *in forma pauperis* application lacked sufficient information about his financial status, so the court entered an order on March 26, 2021, which denied the application without prejudice to Dejesus submitting a completed application or pay the $402 fee within 30 days. Doc. No. 4. On April 12, 2021, Dejesus submitted another *in forma pauperis* application (the "IFP Application") and an amended complaint. Doc. Nos. 5, 6.

In the amended complaint, the plaintiff alleges that on March 1, 2021, he spoke to Vicky, a staff member of Arbor Village & Old Forge Apartments, who works at the rental office in Allentown, Pennsylvania. Am. Compl. at ECF pp. 1, 2, Doc. No. 6.[1] Dejesus asked Vicky whether one-bedroom apartments were available, and Vicky responded that two apartments would be available in two weeks. *Id.* at ECF p. 2. Dejesus then inquired about using his Section 8 housing voucher, and Vicky told him that Arbor Village & Old Forge Apartments does not accept those vouchers. *Id.* Based on these allegations, Dejesus contends that the defendants discriminated against him because he is a Section 8 voucher recipient. *Id.*

Dejesus indicates that he is asserting federal claims under 42 U.S.C. § 1983 for violation of his constitutional rights and possibly claims under the Fair Housing Act. *Id.* at ECF pp. 1, 3. He

---

[1] As Dejesus filed an amended complaint, the court considers it to be the governing pleading in this matter. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading."), *cert. denied* 140 S. Ct. 1611 (2020). Unlike the original complaint, the amended complaint lacked a caption. *Compare* Doc. No. 1, *with* Doc. No. 6. Also, in both the original complaint and the amended complaint, it is unclear whether Dejesus is suing "Vicky," the "Arbor Village & Old Forge Apartments," or both. *Compare* Compl. at 2 (listing single defendant as "'Vicky' Arbor Village & [O]ld Forge [A]partment"), *with* Am. Compl. at ECF pp. 1, 2 (listing single defendant as "Vicky Arbor Village & [O]ld Forge [A]partments"). Although the court has interpreted the amended complaint as asserting claims against Vicky and Arbor Village & Old Forge Apartments, even if Dejesus intended to only sue one defendant, the court would dismiss this matter for the reasons set forth *infra*.

2

claims that the defendants' conduct caused him "[e]mbarrassment[,] humiliation[,] depression[,] anxiety[,] homelessness[, and f]inancial [h]ardship." *Id.* at ECF p. 3. Dejesus seeks $75,000 in damages and a one-bedroom apartment. *Id.*

### III.   DISCUSSION

### A.   The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch[ v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court

costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Dejesus is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B.    Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**

Because the court has granted Dejesus leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard

used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

## C.   Analysis

### 1.   Section 1983 Claims

As indicated above, Dejesus is seeking relief in this case under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state law.").

In this case, Dejesus has not alleged a plausible claim for violation of his constitutional rights under section 1983 because there are no plausible allegations that Vicky or the Arbor Village & Old Forge Apartments were acting under color of state law. In this regard,

> [t]he color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir.2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and citation omitted).

Neither Vicky nor Arbor Village & Old Forge Apartments appear to be state actors under any of the aforementioned tests. Instead, they appear to be private individuals or entities involved in property rental. Accordingly, neither Vicky nor Arbor Village & Old Forge Apartments are

subject to liability under section 1983. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam) (concluding that district court properly dismissed plaintiff's claims against landlords because they were not state actors and plaintiff "present[ed] no allegation giving rise to a plausible inference that the Landlords conspired with state actors to deprive [him] of his constitutional rights"); *Jenkins v. Turner*, Civ. A. No. 2:14-14348, 2014 WL 6669229, at *1 (E.D. Mich. Nov. 24, 2014) (determining that plaintiff's claims that landlords wrongly retained his personal property failed to state claim under section 1983 "because the defendants are private persons" and "[p]rivate landlords are not considered state actors and thus cannot be liable for damages under § 1983" (citing *Hill v. Langer*, 86 F. App'x 163, 164–67 (6th Cir. 2004)); *Benford v. Smith*, No. 1:04-CV-337, 2005 WL 1325003, at *2, 3 (E.D. Tenn. June 3, 2005) (explaining that "participation in the Section 8 housing program is insufficient to transform a private party into a state actor" and concluding that plaintiffs failed to "satisfy the requirement that the allegedly unconstitutional acts were committed by a person acting under color of state law" when they alleged that defendant "is the owner and landlord of the property that the [plaintiffs] rent," but did not allege "facts showing that [defendant], as the landlord, was exercising powers traditionally reserved to the state; or that the state significantly encouraged or coerced [defendant] to take the allegedly unconstitutional action; or that there is a sufficiently close nexus between the state and [defendant] to deem [defendant] a state actor").

## 2. Fair Housing Act Claims

As with his section 1983 claim, Dejesus has failed to state a claim under the Fair Housing Act ("FHA"). The FHA prohibits discrimination based on race, color, religion, sex, familial status, national origin, or disability. *See* 42 U.S.C. § 3604 (prohibiting "[d]iscrimination in the sale or rental of housing"). Dejesus alleges, however, that he was discriminated against solely on his status

as a Section 8 voucher holder, not based on his membership in a statutorily protected class. *See* Am. Compl. at ECF p. 2. Notably, a private property owner is not required to participate in the voucher program. *See Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) ("Landlord participation in the voucher program is voluntary[.]" (citing 42 U.S.C. § 1437f)), *cert. denied*, 140 S. Ct. 2506 (2020); *Graoch Assocs. #33, L.P. v. Louisville/Jefferson Cnty. Metro Human Relations Comm'n*, 508 F.3d 366, 369 (6th Cir. 2007) ("The Section 8 voucher program is a voluntary program through which the federal government provides rent subsidiaries to eligible low-income families who rent from participating landlords."). Since Dejesus's claim is based solely on the defendants' nonparticipation in the Section 8 voucher program, his FHA claim fails.

### 3.      Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).  In this case, the court will not grant Dejesus leave to amend because doing so would be futile insofar as the court cannot conceive of any manner in which he could plead sufficient facts showing that the defendants are state actors to support a plausible cause of action under section 1983 and his allegation of discrimination based on the nonacceptance of a Section 8 voucher cannot establish a violation of the FHA.

### III.    CONCLUSION

For the foregoing reasons, the court will grant Dejesus leave to proceed *in forma pauperis* and dismiss the amended complaint for failure to state a claim. The court will not provide him with leave to file a second amended complaint because amendment would be futile.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.